# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| Carlton L. Johnson,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   1:14cv1256 (TSE/JFA) |
| | ) |
| David Simons,<br>    Defendant. | )<br>) |

## MEMORANDUM OPINION

Carlton L. Johnson, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, seeking replacement of false teeth that were mistakenly discarded during a search of his cell at the Hampton Roads Regional Jail ("HRRJ"). Plaintiff has moved for leave to proceed in forma pauperis in the lawsuit. After careful review, plaintiff's claim must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

Plaintiff alleges that he was awakened for a court appearance at around 2:15 a.m. on March 27, 2014. When he returned to HRRJ later that morning, plaintiff could see that officers

---

[1] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
    (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

were preparing to search inmates' cells. Because plaintiff was tired and knew that it would take "most of the day" for the search to reach his pod, plaintiff removed his false teeth, wrapped them in toilet paper and then plastic, left them on the sink, and went to sleep. During the afternoon the officers who were performing the search removed plaintiff to the gym while his cell was searched. Compl. at 5A. When he was allowed to return to the cell plaintiff went back to sleep, and when he awoke for dinner he discovered that his false teeth were gone. Plaintiff submitted an Emergency Grievance stating that his false teeth were "mistaken [sic] thrown away" during the search of his cell, and he was told in response that they may have been thrown away because of the way they were wrapped up on the sink. Compl. at 5B. Plaintiff states that he wore a full denture on the top and a partial on the bottom and now has "no teeth whatsoever," and as a result he must eat a soft diet with "health shakes" to keep his weight up. The named defendant is David Simons, the Superintendent of HRRJ, and as relief plaintiff seeks "the cost of false teeth." Compl. at 6.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55.

To state a cause of action under § 1983, a plaintiff must allege facts indicating he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988). Here, taking all of plaintiff's allegations as true, he states no claim for which § 1983 relief is available. A claim that a plaintiff is entitled to damages under § 1983 by defendants' confiscation of his property is foreclosed by the rule of Parratt v. Taylor, 451 U.S. 527 (1981). The Fourteenth Amendment provides that, "no state shall . . . deprive any person of life, liberty, or property without due process of law." U.S. Const. amend XVI § 1. Thus, to violate procedural due process, defendant's actions must implicate plaintiff's interest in "life, liberty, or property." Hewitt v. Helms, 459 U.S. 460, 466 (1983). Where a deprivation of property results from an established state procedure, due process requires the state to provide a pre-deprivation hearing. See Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982). However, in certain circumstances, the availability of meaningful post-deprivation procedures satisfies the requirements of due process, such as where it is impractical to provide a meaningful hearing prior to an alleged deprivation. Parratt, 451 U.S. at 538 (due process satisfied by post-deprivation remedies when a deprivation is caused by the random, unauthorized acts of a state employee). Significant here, the rule in Parratt applies with equal force to negligent as well as intentional deprivations by state employees. See Hudson v. Palmer, 468 U.S. 517, 533 (1984)

(due process satisfied by post-deprivation remedy to redress intentional destruction of personal property by prison guard during a "shakedown").

Virginia has provided adequate post-deprivation remedies for deprivations caused by state employees. Under the Virginia Tort Claims Act, Va. Code Ann. § 8.01-195.3, Virginia has waived sovereign immunity for damages for "negligent or wrongful" acts of state employees acting within the scope of employment. The Fourth Circuit has held that the Virginia Tort Claims Act and Virginia tort law provide adequate post-deprivation remedies for torts committed by state employees. See Wadhams v. Procunier, 772 F.2d 75, 78 (4th Cir. 1985). Because plaintiff has not alleged that he has been denied post-deprivation procedures to redress the loss of his property, he has not stated a constitutional claim. Whether a plaintiff alleges that he was deprived of his property negligently or intentionally, the availability of post-deprivation procedures is sufficient to satisfy the requirements of due process. Furthermore, because the availability of a tort action in state court fully satisfies the requirement of meaningful post-deprivation process, plaintiff cannot state a claim for the loss of his property under the Fourteenth Amendment.[2]

---

[2] The Court notes that plaintiff has supplied a copy of a letter from a Risk Analyst at the Commonwealth of Virginia's Department of the Treasury, stating that the Division of Risk Management found no negligence on the part of HRRJ officials and consequently could offer plaintiff no settlement. While the Court is not unsympathetic to plaintiff's situation with regard to the loss of his false teeth, there is no jurisdictional basis by which that loss can be remedied in a federal lawsuit.

Pursuant to the foregoing authorities, plaintiff's claim for damages pursuant to § 1983 for the "mistaken" discarding of his false teeth must be dismissed with prejudice pursuant to § 1915A for failure to state a claim. An appropriate Order shall issue.

Entered this 26th day of September 2014.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge